THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 2:18-cr-00087-DS |
| Plaintiff, | ) | |
| vs. | ) | |
| JIM PAUL DELLI, | ) | MEMORANDUM DECISION AND ORDER |
| | ) | |
| Defendant. | | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## I. INTRODUCTION

Defendant Jim Paul Delli (sometimes "J.P. Delli") is charged in a superseding indictment with one count of being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1), and one count of possession of marijuana with intent to distribute under 21 U.S.C. § 841(a)(1). On January 18, 2017 at 3:00 a.m., a Unified Police SWAT team served a no knock search warrant at Mr. Delli's home at 743 N. Los Angles St., Salt Lake City, Utah. The warrant was granted based on the Affidavit of Unified Police Detective Walter Jarvis. Service of the warrant yielded cash, firearms and marijuana.

Asserting that the affidavit in support of the warrant is deficient and does not establish probable cause that instrumentalities of a crime will be found at his home, Mr. Delli moves to suppress evidence obtained pursuant to the search.[1]

---

[1] Defendant requests no hearing or oral argument and submits the matter on the pleadings and on the facts reflected in Detective Jarvis' Affidavit.

## II. DISCUSSION

**A. Legal Standard**

Mr. Delli asserts that his Fourth Amendment rights were violated because the search of his home was based on a warrant lacking in probable cause. "The Fourth Amendment prohibits the government from conducting unreasonable searches and seizures." *United States v. Guardado*, 699 F. 3d 1220, 1222 (10th Cir. 2012). The issuing magistrate is to determine whether there is probable cause to support a search warrant.

> The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.

*Illinois v. Gates*, 462 U.S. 213, 238 (1983) (internal quotation marks omitted). The reviewing court "is simply to ensure that the magistrate had a 'substantial basis for ... conclud[ing]' that probable cause existed." *Id.* (citation omitted). The Tenth Circuit has summarized the relevant law as follows.

> In order to issue a search warrant, a magistrate must determine that probable cause supporting a search exists. An affidavit establishes probable cause for a search warrant if the totality of the information it contains establishes the fair probability that contraband or evidence of a crime will be found in a particular place. The affidavit must show a nexus between ... suspected criminal activity and the place to be searched, and a court may not arrive at probable cause simply by piling hunch upon hunch. Searches conducted pursuant to a warrant are favored, and, as such, the magistrate's determination that probable cause exists is entitled to great deference.

*United States v. Roach*, 582 F. 3d 1192, 1200 (10th Cir. 2009), *cert. denied*, 558 U.S. 1156 (2010) (internal quotation marks and citations omitted).

**B. Informant's Veracity, Reliability and basis of Knowledge**

Mr. Delli's position, that Detective Jarvis' Affidavit lacks information to determine the veracity, reliability and basis of knowledge of the confidential informant ("CI"), is rejected.

The CI reported to police that J.P. Delli and Justin Delli, his brother, were selling marijuana and dabs. ECF No. 22-1 at 5. The CI said that both men are always armed and carry firearms on their person, in their vehicle, and in the house. *Id.* The CI also reported that J.P. Delli drives a black Suburban and uses that vehicle to distribute and transport narcotics. *Id.*

Detective Jarvis identified, through unspecified means, the house of the men. *Id*. And during surveillance of the home J.P. Delli was observed driving the Chevy Suburban described by the CI. *Id*. at 5-6. The identity of the CI was known to Detective Jarvis who personally met with the CI and determined that he was not impaired and had a clear mind. *Id*. at 5. Although Detective Jarvis did not specifically state how many times the CI had previously given reliable information, he did state that it was "several occasions in the past." *Id.* No authority cited compels a conclusion that this was not enough.[2]

Moreover, "[w]hen there is sufficient independent corroboration of an informant's information, there is no need to establish the veracity of the informant." *United States v. Danhauer*, 229 F. 3d 1002, 1006 (10th Cir.2000). Detective Jarvis was able to independently corroborate information provided by the CI, including that Mr. Delli lived

---

[2] Even a complete failure to discuss the reliability of an informant is not fatal to a finding of probable cause. *See United States v. Avery*, 295 F.3d 1158, 1167 (10th Cir.), *cert. denied*, 537 U.S. 1024 (2002) ("the complete failure of an affidavit to discuss the reliability of an informant does not automatically preclude a finding of probable cause").

where the CI stated, and that he drove a black Chevy Suburban just as the CI stated. During surveillance of the house officers saw J.P. Delli driving the Chevy Suburban described by the CI. ECF No. 22-1 at 5-6. And Detective Jarvis corroborated that Mr. Delli was selling drugs by making controlled purchases through the CI. *Id.* The CI's veracity, reliability and the basis of his/her knowledge were thus corroborated.

### C. Firearms

Mr. Delli also complains that Detective Jarvis' Affidavit is devoid of facts as to how the CI obtained information that J.P. Delli and his brother Justin Delli are always armed. The CI said that both men are always armed and carry firearms on their person, in their vehicle, and in the house. *Id*.

As noted, Detective Jarvis was able to corroborate other information provided by the CI, including that Mr. Delli lived where the CI stated, that he drove the motor vehicle that the CI stated, and that Mr. Delli was selling drugs, evidenced by controlled purchases made through the CI.

### D. Nexus to Mr. Delli's Home

Mr. Delli also urges that there was an insufficient basis connecting drug activity to his house. The Court disagrees. An affidavit has enough factual support to justify reliance if it establishes a minimally sufficient nexus between the illegal activity and the place to be searched. *United States v. Chambers*, 882 F.3d 1305, 1311 (10th Cir. 2018), *petition for cert. filed* (No. 17-9065) (May 21, 2018). Within 70 days of the execution of the search warrant, the CI bought marijuana from J.P. Delli. ECF No. 22-1 at 5. Before making the purchase, officers searched the CI to make sure that he did not have any contraband. *Id.*

They gave the CI money to buy the drugs and followed him to the meeting with J.P. Delli. *Id.* Officers saw J.P. Delli leave his house and saw him meet with the CI and saw their transaction. *Id.* Officers followed the CI away from the transaction to the predetermined meeting location. *Id.* The CI confirmed that he bought marijuana from J.P:. Delli. *Id.* The substance that the CI bought from J.P. Delli and delivered to the officers tested positive for marijuana. *Id.*

Within 10 days of the execution of the warrant the CI bought marijuana again. ECF No. 22-1 at 6. The CI called J.P. Delli to arrange the sale of the drugs. *Id.* Officers saw both J.P. Delli and Justin Delli at 743 N. Los Angeles Street before the purchase. *Id.* Justin Delli left the house and met with the CI. Before making the purchase, officers searched the CI to make sure that he did not have any contraband. *Id.* They gave the CI money to buy the drugs and followed him to the meeting with Justin Delli. *Id.* Officers saw Justin Delli leave the house and saw him meet with the CI and saw their transaction. *Id.* Officers followed the CI away from the transaction to the predetermined meeting location. *Id.* The CI confirmed that he bought marijuana from Justin Delli. *Id.* The substance that the Ci bought from Justin Delli and delivered to the officers tested positive for marijuana. *Id.*

Although Detective Jarvis noted in his Affidavit that based on his experience, drug dealers "try to limit how much quantity of drugs are at their house as any specific time", ECF No. 22-1 at 5, the inference that they nevertheless routinely keep some quantity of drugs at their house is reasonable. The fact the both J.P. Delli and his brother Justin were at the house before making the referenced drug deals with the CI supports that inference.

*See United States v. Nolan*, 199 F. 3d 1180, 1183 (10th Cir. 1999) (the "affidavit supporting the search warrant need not contain direct evidence or personal knowledge that the items sought are located at the place to be searched;" instead, the magistrate judge may draw reasonable inferences from the information in the affidavit supporting the warrant); *see also United States v. Sanchez*, 555 F. 3d 910, 914 (10th Cir.) (citing *United States v. Sparks*, 291 F.3d 683, 689-90 (10th Cir. 2002) ("when police officers have probable cause to believe that a suspect is involved in drug distribution, there is also probable cause to believe that additional evidence of drug-trafficking crimes (such as drug paraphernalia or sales records) will be found in his residence"), *cert. denied*, 556 U.S. 1145 (2009). Participation by Mr. Delli in controlled buys furnished probable cause to search his house. This is so, in part, because it is "merely common sense that a drug supplier will keep evidence of his crimes at his home." *Id*.

In sum, under the totality of circumstances the magistrate had enough factual support to establish a minimally sufficient nexus between the alleged illegal activity and Mr. Delli's house.

### III. CONCLUSION

For the reasons stated, the Court concludes that the search was valid based on approval by a magistrate who had a substantial basis for determining that probable cause

existed for a search warrant to issue.

Accordingly, It is ordered that Mr. Delli's Motion to Suppress (ECF No. 22) is denied.

Dated this 7th day of June, 2018.

BY THE COURT:

_____
DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT